IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PERMIRA CONSTRUCTION, LLC, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-18-3771 |
| KONE INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Defendant, KONE Inc., moves for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), on all claims brought by Plaintiff, Permira Construction, LLC, with the exception of the breach of contract claim (the "Motion for Judgment on the Pleadings") (ECF No. 11). After considering the Motion and the responses thereto (ECF Nos. 20, 21), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons stated herein, the Court GRANTS Defendant's Motion for Judgment on the Pleadings.

### FACTUAL BACKGROUND

On April 13, 2016, Plaintiff and Defendant entered into a written contract in which Defendant agreed to supply and install two elevators in a building owned by 602 Howard Properties, LLC and located at 602 North Howard Street in Baltimore, Maryland for $288,000. ECF No. 1-1 at 2, ¶ 6; ECF No. 1-3 at 15. According to Plaintiff, pursuant to the contract, the estimated time for completion of Defendant's services was no more than 38 weeks, or by the first week of January 2017. ECF No. 1-1 at 2, ¶ 7. However, Defendant's services were not complete until November 13, 2017, ten months after the estimated completion date. *Id.* ¶ 8.

1

Plaintiff attributes the delay between January 2017 and March 2017 to Defendant's lack of communication and failure to: (1) adhere to revised schedules it proposed; (2) have workers on site on scheduled work days; and (3) comply with Change Order requests and install requested items. *Id.* at 2–4, ¶¶ 10–24. On April 10, 2017, Defendant ceased work on the project due to alleged improper nonpayment by Plaintiff. *Id.* at 4, ¶ 25. On May 25, 2017, Plaintiff arranged for payment of outstanding balances, and payments were made on June 6 and June 19, 2017. *Id.* at 5, ¶¶ 28–30. On July 7, 2017, Plaintiff executed a Change Order for Defendant to perform overtime hours to expedite the work. *Id.* ¶ 31. On August 30, 2017, Defendant stated that work would resume between September 13th and 15th so long as payment was received by September 11, 2017, and that work would be completed by the week of September 20, 2017. *Id.* ¶ 34. Plaintiff then "resolved all outstanding balances" with a final payment on September 5, 2017. *Id.* ¶ 35.

On September 21, 2017, Defendant informed Plaintiff that completion would be delayed and, on September 22, 2017, Plaintiff informed Defendant that one of the two elevators was inoperable. *Id.* at 6, ¶¶ 36–37. On October 4, 2017, Plaintiff advised Defendant that Defendant's workers had stated that "substantial work remained" on the project, that a final inspection had still not been scheduled, and that Plaintiff was suffering damages due to the delay in completion. *Id.* ¶ 38. After the elevators allegedly failed inspection on or about the first week of October, Defendant completed its work at the building on November 13, 2017. *Id.* ¶¶ 39–40. Thereafter, Plaintiff entered into a settlement agreement with 602 Howard Properties, LLC, the owner of the building, in which Plaintiff agreed to forfeit $475,047.10 "that would otherwise be due and owing to Plaintiff" but for Defendant's actions. *Id.* ¶ 41.

## PROCEDURAL BACKGROUND

The original Complaint was filed in the Circuit Court for Anne Arundel County on August 27, 2018. ECF No. 1-1. On November 14, 2018, Defendant filed its Answer in that court.[1] ECF No. 1-5. Subsequently, on December 7, 2018, Defendant removed the case to this Court. ECF No. 1. On March 18, 2019, Defendant filed the Motion for Judgment on the Pleadings. ECF No. 11.[2] Plaintiff filed an opposition on April 1, 2019, ECF No. 20, and Defendant replied on April 15, 2019, ECF No. 21. This matter is now fully briefed, and the Court has reviewed Defendant's Motion for Judgment on the Pleadings, as well as the responses thereto. For the following reasons, Defendant's Motion for Judgment on the Pleadings is GRANTED.

## DISCUSSION

### A. Standard of Review for Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) "provides that after the pleadings are closed, a defendant may present a defense of failure to state a claim upon which relief may be granted by a judgment on the pleadings." *Nat'l Cas. Co. v. Lockheed Martin Corp.*, 415 F.Supp.2d 596, 600 (D.Md. 2006). "The standard of review for Rule 12(c) motions is the same as that under Rule

---

[1] The Complaint did not state the identity, citizenship, or residency of the members of Plaintiff's LLC, leaving Defendant unable to determine Plaintiff's citizenship for diversity purposes. ECF No. 1 at 2, ¶ 5. Along with its Answer, Defendant served Plaintiff with written discovery to determine the identity, citizenship, and residency of the members of the LLC. *Id.* ¶ 7. By emails dated November 28 and 29, 2018, Plaintiff stipulated that it has three members, all natural persons, who were residents of Maryland at the time the Complaint was filed and who currently still reside in Maryland. ECF No. 1-6. Thus, pursuant to 28 U.S.C. § 1332(a), there is complete diversity between the parties, as Defendant is a Delaware corporation with its principal place of business in Illinois, and the amount in controversy exceeds $75,000. ECF No. 1 at 3, ¶¶ 9–15.

[2] On March 27, 2019, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of all parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 15.

3

12(b)(6)." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (citing *Butler v. United States*, 702 F.3d 749, 751 (4th Cir. 2012)). The purpose of a Rule 12(b)(6) motion and a Rule 12(c) motion is to test the sufficiency of a complaint not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As stated in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). Although when considering a motion for judgment on the pleadings a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

**B. Defendant's Motion for Judgment on the Pleadings**

In the Complaint, Plaintiff asserts six causes of action against Defendant: (I) breach of contract; (II) gross negligence; (III) negligence; (IV) negligent misrepresentation; (V) deceit; and (VI) implied indemnification and contribution. ECF No. 1-1 at 6–12, ¶¶ 42–77. Defendant now moves to dismiss Counts II–VI.

In Count II, Plaintiff alleges that Defendant "owed Plaintiff an independent duty of care to

4

conduct [its] work in a reasonable manner" and was grossly negligent when it failed to complete the services it agreed to perform. *Id.* at 7, ¶¶ 49–50. Similarly, in Count III, Plaintiff alleges that Defendant owed Plaintiff an independent duty of care and "breached [its] duty by failing to complete the [s]ervices in a reasonable time and quality." *Id.* at 8, ¶¶ 53–54. In Count IV, Plaintiff alleges that Defendant negligently made false statements regarding the completion date when it had no reasonable basis for the statements and that Plaintiff detrimentally relied upon those statements. *Id.* at 9–10, ¶¶ 57–63. In Count V, Plaintiff alleges that Defendant held itself out as qualified and capable to complete its services and made repeated affirmations about the prompt completion of the work knowing that such statements were false, and that Plaintiff relied upon these statements when contracting with Defendant. *Id.* at 10–11, ¶¶ 65–72. Finally, in Count VI, Plaintiff seeks indemnification and contribution from Defendant for "expenditures" Plaintiff made "to discharge the liability imposed upon it due to Defendant's actions." *Id.* at 11–12, ¶¶ 75–77.

1. Gross Negligence and Negligence (Counts II and III)

In Counts II and III, Plaintiff asserts negligence-based claims arising from Defendant's performance under the contract. *Id.* at 7–9, ¶¶ 47–55. In both counts, Plaintiff alleges that Defendant owed it an independent duty of care to work in a reasonable manner. *Id.* ¶¶ 48, 53. First, Plaintiff asserts that Defendant was grossly negligent in "recklessly failing to complete [its] [s]ervices" when "Defendant knew, or should have known, that [its] [s]ervices were unique and proprietary." *Id.* at 7, ¶¶ 49–50. Second, Plaintiff asserts that Defendant was ordinarily negligent in "failing to complete the [s]ervices in a reasonable time and quality." *Id.* at 8, ¶ 54. Defendant argues that both claims fail because "Maryland law 'does not recognize a cause of action for negligence arising solely from a contractual relationship between two parties'" and Plaintiff has not met either of the exceptions to this general rule. ECF No. 11-1 at 6, 8 (quoting *Lawyers Title*

*Ins. Corp. v. Rex Title Corp.*, 282 F.3d 292, 293–94 (4th Cir. 2002)). The Court agrees with Defendant.

As Plaintiff correctly notes, under Maryland law, "[t]he mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort." *Lawyers Title Ins. Corp.*, 282 F.3d at 293–94 (quoting *Heckrotte v. Riddle*, 224 Md. 591, 595 (1961)). Maryland recognizes narrow exceptions to this general rule, "one of which permits negligence claims arising from a contractual relationship in circumstances involving a vulnerable party" and the other which permits negligence claims where "an independent duty accompanies a contractual obligation." *Id.* at 294. The first exception for circumstances involving a vulnerable party is "not . . . available in litigation between 'equally sophisticated parties.'" *Id.* (quoting *Martin Marietta Corp. v. Int'l Telecomms. Satellite Org.*, 991 F.2d 94, 98 (4th Cir. 1992)). The second exception is applicable only in limited contexts, including in "contractual dealings with professionals such as physicians, attorneys, architects, and public accountants" as well as "occupations requiring peculiar skill." *Jacques v. First Nat'l Bank of Md.*, 307 Md. 527, 541 (1986).

In the instant case, Plaintiff's negligence claims stem directly from the parties' contractual relationship. Counts II and III allege that Plaintiff failed to perform the services agreed upon under the contract in a reasonable manner and time. ECF No. 1-1 at 7–9, ¶¶ 47–55. Thus, to maintain those claims, Plaintiff must meet one of the enumerated exceptions. Plaintiff makes no allegations that it is a vulnerable party and does not dispute that the parties are equally sophisticated business entities that freely entered into an arms' length transaction. *See id.*; *see also* ECF No. 20-1 at 3–9. Instead, Plaintiff contends that Defendant owed Plaintiff an independent duty of care because: (1) Defendant is engaged in an occupation—elevator design, manufacture, and installation—

requiring a "peculiar" skill; and (2) Plaintiff was "wholly dependent" on Defendant. ECF No. 20-1 at 6–7.

In asserting that Defendant owed it an independent duty of care, Plaintiff relies on the seminal case of *Jacques v. First National Bank of Maryland*, 307 Md. 527 (1986). ECF No. 20-1 at 3–7. In *Jacques*, the "plaintiff borrowers entered into a residential sales contract that required them to secure a $112,000 bank loan at a specified interest rate" and submitted the contract and loan application to the defendant bank. *Spaulding v. Wells Fargo Bank, N.A.*, 920 F.Supp.2d 614, 620 (D.Md. 2012) (citing *Jacques*, 307 Md. at 528–30). After receiving the application, the defendant bank informed the plaintiff borrowers of the interest rate for a loan of that type and stated that the rate would be locked-in for ninety days from the date of the application. *Jacques*, 307 Md. at 529. However, less than one month later, the defendant bank informed the plaintiff borrowers that it had erred in determining their eligibility for the loan and substantially reduced the qualified loan amount. *Id.* at 530. The plaintiff borrowers subsequently failed to secure new financing from another institution and proceeded to settle on the residential sales contract with the reduced loan from the defendant bank. *Id.*

Under these circumstances, the Maryland Court of Appeals recognized a narrow exception to the general rule that there is no cause of action for negligence arising solely from a contractual relationship between two parties under Maryland law, stating that "[t]he law generally recognizes a tort duty of care arising from contractual dealings with professionals such as physicians, attorneys, architects, and public accountants," as well as "occupations requiring peculiar skill." *Id.* at 534, 541. The court observed that "implicit in the undertaking of the [b]ank to process the loan application is the agreement to do so with reasonable care" and that, due to the "extraordinary financing provisions contained in the real estate sales contract, and thereby integrated into the loan

7

application," the plaintiff borrowers were "particularly vulnerable and dependent upon the [b]ank's exercise of due care." *Id.* at 540. The court also highlighted the "nature of the business" and the "public calling" of the defendant bank, stating that "[t]he banking business is affected with the public interest. Traditionally[,] banks and their officers have been held to a high degree of integrity and responsiveness to their public calling." *Id.* at 542.

Here, Plaintiff's reliance on *Jacques* to demonstrate that Defendant owed it an independent duty of care is unpersuasive. First, Plaintiff attempts to show that Defendant provides a service requiring "peculiar skill" by citing to Maryland state code provisions which require elevator mechanics and/or contractors to be licensed and set forth qualifications for licensure. ECF No. 20-1 at 6. However, these provisions are wholly unlike those that governed the bank in *Jacques*, which required the bank and its officials "to perform diligently and honestly the duties of the office." *Jacques*, 307 Md. at 542–43. Notably, this Court has previously held that "the 'construction industry is not similar to the banking industry in its relation to public welfare.'" *J.E. Dunn Constr. Co. v. S.R.P. Dev. Ltd. P'ship*, No. DKC 11-1948, 2012 WL 4341582, at *10 (D.Md. Sept. 20, 2012) (quoting *Architectural Sys., Inc. v. Gilbane Bldg. Co.*, 974 F.2d 1330, 1992 WL 214446, at *5 (4th Cir. 1992)). The construction industry is also dissimilar to the other professions contemplated by the exception, defeating Plaintiff's "peculiar skill" argument.

Next, Plaintiff contends that it was "wholly dependent" on Defendant just as the plaintiff borrowers were dependent on the bank in *Jacques* and that this dependence supports a finding that Defendant owed Plaintiff an independent duty of care. ECF No. 20-1 at 6–7. However, the facts in *Jacques* are distinguishable. Whereas, in *Jacques*, the plaintiffs were borrowers subject to "rather extraordinary financing provisions" which left them "particularly vulnerable and dependent upon the [b]ank's exercise of due care," 307 Md. at 540, Plaintiff in this case is a

8

sophisticated general contractor that voluntarily negotiated and entered into a "standard subcontract covering one job." *Architectural Sys., Inc.*, 1992 WL 214446, at *5. This case more closely resembles *Architectural Systems, Inc.*, in which the United States Court of Appeals for the Fourth Circuit affirmed entry of summary judgment against a subcontractor for its claims of negligence and negligent misrepresentation against the general contractor where both parties were "sophisticated businesses" that "engag[ed] in arms' length contractual negotiations" for a "standard subcontract covering one job." *Id.* at *5–6. In rejecting the subcontractor's claims, the Fourth Circuit found that there was "no special relationship of dependency [between the subcontractor and general contractor that] takes this case out of the general rule" and that *Jacques* did not apply to the facts presented. *Id.* Because the same is true in the instant case, Plaintiff's dependency argument fails.

For the reasons stated, Plaintiff has failed to demonstrate that Defendant owed it an independent duty of care and Counts II and III are therefore barred by the general rule that a cause of action for negligence cannot arise solely from a contractual relationship between two parties. Accordingly, Plaintiff's claims for gross negligence and negligence fail under Maryland law,[3] and Defendant's Motion for Judgment on the Pleadings is GRANTED as to Counts II and III.

2. Negligent Misrepresentation (Count IV)

In Count IV, Plaintiff brings a claim for negligent misrepresentation, alleging that Defendant owed a duty to refrain from making false statements and breached that duty by making

---

[3] Even if Plaintiff could maintain the gross negligence claim, this Court notes that the claim would still be dismissed for failure to state a claim. Under Maryland law, gross negligence is "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them." *Estate of Saylor v. Regal Cinemas, Inc.*, 54 F.Supp.3d 409, 422 (D.Md. 2014) (quoting *Liscombe v. Potomac Edison Co.*, 303 Md. 619, 635 (1985)). Plaintiff has not alleged facts sufficient to support this claim, rendering dismissal appropriate.

"continuous statements and promises that the [s]ervices were near completion, when, in fact, Defendant had no reasonable basis for those statements and no intention to actually meet its self-imposed completion deadlines." ECF No. 1-1 at 9, ¶¶ 57–58. This claim fails for many of the reasons previously stated.

First, much like the claims for gross negligence and negligence, Plaintiff has failed to demonstrate that Defendant owed it an independent duty of care and the negligent misrepresentation claim is therefore barred by the general rule that a cause of action for negligence cannot arise solely from a contractual relationship between two parties. Additionally, as this Court has stated, "[u]nder Maryland law, a claim for negligent misrepresentation is improper when . . . the only relationship between the parties is contractual, both parties are sophisticated, and the contract does not create an express duty of due care in making representations." *CapitalSource Finance LLC v. Pittsfield Weaving Co.*, 571 F.Supp.2d 668, 674 (D.Md. 2006). Plaintiff's claim for negligent misrepresentation thus fails under Maryland law.

Even if Plaintiff could maintain the negligent misrepresentation claim, the claim would still fail because it is based on alleged misrepresentations made after the parties entered into and began performing under the contract and there is no authority permitting an independent negligence claim based on post-contractual representations. *See J.E. Dunn Constr. Co.*, 2012 WL 4341582, at *8 (acknowledging that Maryland law supports finding an independent duty where a negligent misrepresentation claim is based on pre-contractual negotiations only); *Martin Marietta Corp.*, 991 F.2d at 99 (finding no authority for plaintiff's claim for negligent misrepresentation when plaintiff's theory "rest[ed] on statements made after the parties reached their contract"). Moreover, the statements and communications Plaintiff alleges to be misrepresentations all related to future acts of Defendant, and "[a] 'negligent misrepresentation claim based on statements

promissory or predictive in nature' is not viable 'unless the plaintiff puts forward evidence tending to show that the promisor or predictor made the statements with the present intention not to perform.'" *200 N. Gilmor, LLC v. Capital One, Nat'l Ass'n*, 863 F.Supp.2d 480, 493 (D.Md. 2012) (quoting *Miller v. Fairchild Indus., Inc.*, 97 Md.App. 324, 346 (1993)). Plaintiff has not alleged facts tending to show that Defendant lacked an intent to perform under the contract.

Accordingly, because Plaintiff has failed to demonstrate that Defendant owed it an independent duty of care and is therefore unable to maintain the negligent misrepresentation claim under Maryland law, Defendant's Motion for Judgment on the Pleadings is GRANTED as to Count IV. Even if Plaintiff could maintain the claim, the claim would fail for the other reasons stated.

3. Deceit (Count V)

In Count V, Plaintiff brings a claim for deceit. ECF No. 1-1 at 10–11, ¶¶ 64–73. To prove deceit under Maryland law, a plaintiff must show the following elements:

> 1) the defendant made a false representation to the plaintiff; 2) the falsity was either known to the defendant or the representation was made with reckless indifference as to its truth; 3) the misrepresentation was made for the purpose of defrauding the plaintiff; 4) the plaintiff relied on the misrepresentation and had the right to rely on it; and 5) the plaintiff suffered compensable injury resulting from the misrepresentation.

*Marland v. Safeway, Inc.*, 65 F.App'x 442, 447 (4th Cir. 2003) (citing *Nails v. S & R, Inc.*, 334 Md. 398, 415 (1994)).

In its Complaint, Plaintiff alleges that: (1) "Defendant made false statements" when it held "itself out as . . . qualified and capable to complete the [s]ervices and by making repeated written affirmations to Plaintiff regarding the prompt completion of the [s]ervices"; (2) "Defendant had actual knowledge that its statements were false"; (3) "Defendant made its statements for the purpose of defrauding Plaintiff"; (4) "Defendant intended that Plaintiff should rely and act upon

11

[the] statements by entering and continuing a contractual relationship with Plaintiff"; and (5) "Plaintiff had a right to rely upon Defendant's false statements." ECF No. 1-1 at 10, ¶¶ 64–70. Such allegations are insufficient to state a plausible claim for deceit under Maryland law because they are merely "a formulaic recitation of the elements." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Plaintiff's allegations also fail to meet the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), which applies to "claims that sound in fraud, whether rooted in common law or arising under a statute." *Kantsevoy v. LumenR LLC*, 301 F.Supp.3d 577, 600, 603 (D.Md. 2018) (applying the 9(b) heightened pleading standard to a claim for deceit under Maryland law). Rule 9(b) states, in relevant part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). Here, Plaintiff has made only general allegations that Defendant failed to carry out work within a reasonable time and failed to meet projected deadlines for work to be completed. *See* ECF No. 1-1 at 3–6, ¶¶ 12–41. Furthermore, this Court has held that "the mere failure to carry out a promise in contract . . . does not support a tort action for fraud." *Kantsevoy*, 301 F.Supp.3d at 604 (quoting *Strum v. Exxon Co.*, 15 F.3d 327, 331 (4th Cir. 1994)) (internal quotation marks omitted).

Accordingly, because Plaintiff has failed to state a claim for deceit under Maryland law and failed to satisfy the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), Defendant's Motion for Judgment on the Pleadings is GRANTED as to Count V.

4. Implied Indemnification and Contribution (Count VI)

In Count VI, Plaintiff seeks indemnification and contribution from Defendant because "without fault of its own, [Plaintiff] has become the subject of liability due to Defendant's actions" and "made expenditures to discharge the liability." ECF No. 1-1 at 11, ¶¶ 74–76. However, in its

response, Plaintiff concedes that this Count is "not ripe" because "[t]here does not exist[ ] a current claim by the owner of the building against Plaintiff and Defendant as joint tortfeasors." ECF No. 20-1 at 16. For this reason, the Court need not address this Count and Defendant's Motion for Judgment on the Pleadings is GRANTED as to Count VI.

## CONCLUSION

In conclusion, for the reasons stated herein, Defendant's Motion for Judgment on the Pleadings is GRANTED as to Counts II, III, IV, V, and VI. A separate Order will follow.

Date: May 9, 2019

A. David Copperthite
United States Magistrate Judge